UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Marco R.,<br><br>  Petitioner,<br><br>v.<br><br>Secretary Department of Homeland Security, et al.,<br><br>  Respondents. | Case No. 19-cv-457 (SRN/ECW)<br><br><br><br>**REPORT AND RECOMMENDATION** |

This matter is before the Court on Petitioner Marco R.'s Petition for a Writ of Habeas Corpus (Dkt. No. 1) ("Petition") and the Response to Petition (Dkt. No. 9) filed by Respondents Secretary Department of Homeland Security; William Barr,[1] Attorney General; and Peter Berg, ICE Field Office Director (collectively, "Federal Respondents").  The case has been referred to the undersigned United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons stated below, the Court recommends that the Petition be dismissed as moot.

### I.   BACKGROUND

Petitioner is a native and citizen of Mexico.  (Dkt. No. 1-1 at 2.)  Petitioner was taken into custody on April 16, 2018, and filed this Petition for a Writ of Habeas Corpus

---

[1]   Pursuant to Fed. R. Civ. P. 25(d), William Barr, United States Attorney General, is automatically substituted as a party in place of Matthew Whitaker, former Acting Attorney General.

Pursuant to 28 U.S.C. § 2241 on February 25, 2019.  (Dkt. No. 1 at 1-2.)  In his request for relief, Petitioner requests that the Court release him from custody or to order a hearing to determine if he can be released on bond.  (Dkt. No. 1 at 4-5.)

An Immigration Judge ("IJ") ordered Petitioner removed on September 21, 2018.  (*Id.* at 2.)  Petitioner appealed the IJ's decision, but the Board of Immigration Appeals ("BIA") dismissed his appeal on February 21, 2019 (Dkt. No. 10-2 at 2-3), making his removal final.  Petitioner was removed to Mexico on March 13, 2019 via charter air.  (Dkt. No. 10 ¶ 5.)

## II.    DISCUSSION

The Federal Respondents argue that the Petition should be dismissed as moot because Petitioner was removed to Mexico on March 13, 2019.  (Dkt. No. 9 at 1.)  "Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies."  *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (quoting *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000)) (citing U.S. Const. art. III, § 2, cl. 1).  "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot."  *Id.* (quoting *Haden*, 212 F.3d at 469).  When a case becomes moot, a federal court cannot "address the merits because any opinion [the court] would issue would be merely advisory."  *In re Search Warrants Issued in Connection with Investigation of S. Cent. Career Ctr., W. Plains, Mo. ("In re Search Warrants")*, 487 F.3d 1190, 1192 (8th Cir. 2007) (citing *Haden*, 212 F.3d at 469).

In this case, the case became moot when Petitioner was removed because the Court "can no longer grant effective relief" since he is no longer in custody. *See Ali*, 419 F.3d at 723. Accordingly, the Court should not address the merits of his case because any such opinion would be merely advisory. *See In re Search Warrants*, 487 F.3d at 1192.

The Federal Respondents also argue that no exceptions to mootness apply. (Dkt. No. 9 at 3-4.) A court should not dismiss a habeas petition as moot if any of the following exceptions apply:

> (1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit.

*Ahmed v. Sessions*, No. 16-CV-02124 (DSD/HB), 2017 WL 3267738, at *2 (D. Minn. July 11, 2017) (quoting *Riley v. I.N.S.*, 310 F.3d 1253, 1257 (10th Cir. 2002)) , *R&R adopted*, No. 16-CV-2124 (DSD/HB), 2017 WL 3268176 (D. Minn. July 31, 2017).

None of those mootness exceptions apply here. The collateral-injuries exception does not apply when such injuries are a result of the final order of removal, not the prolonged detention itself. *Ahmed*, 2017 WL 3267738, at *2. As to "a wrong capable of repetition yet evading review," that "exception applies if the matter is too short in duration to be fully litigated before it ends or expires and there is a reasonable expectation that [Petitioner] will be subjected to the same action again." *In re Search Warrants*, 487 F.3d at 1193. Here, there is nothing remaining to litigate in this case and Petitioner is not likely to be held pending removal again. *Ahmed*, 2017 WL 3267738, at

3

\*3. The voluntary cessation exception does not apply because ICE did not cease its attempts to remove Petitioner, rather it pursued and effectuated Petitioner's removal. *Id.* Finally, the Petition was brought on behalf of the individual Petitioner, not on behalf of a class of individuals. *See id.* Accordingly, the Court recommends dismissal of the Petition as moot.

### III.  RECOMMENDATION

Based on the files, records, and proceedings herein, **IT IS RECOMMENDED THAT**:

1. Petitioner Marco R.'s Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Dkt. No. 1) be **DENIED AS MOOT**.

2. This case be **DISMISSED WITHOUT PREJUDICE**.

DATED: April 4, 2019                                *s/Elizabeth Cowan Wright*
                                                    ELIZABETH COWAN WRIGHT
                                                    United States Magistrate Judge

### NOTICE

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under District of Minnesota Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. D. Minn. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in D. Minn. LR 72.2(c).